[No. 13608.  Department One.  February 6, 1917.]

Holland-North America Mortgage Company, *Respondent*, v. James Edward Masters *et al., Appellants.*[1]

Evidence—Parol Evidence to Vary Writing—Indefiniteness.  A mortgage for $3,500 upon nine acres of land, requiring a house on the premises of the value of $2,500 to be insured for the benefit of the mortgagee, and providing that, on the payment of $600, any acre of land should be released, is sufficiently indefinite to admit of parol evidence that the release clause was not intended to apply to the acre upon which the house was situated.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 3, 1916, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court.  Affirmed.

*Charles R. Crouch (Andrew J. Balliet,* of counsel), for appellants.

*Ballinger, Battle, Hulbert & Shorts,* for respondent.

Main, J.—The purpose of this action was to foreclose a real estate mortgage.  The defendants appeared by answer and cross-complaint.  After the issues were framed, the trial of the cause resulted in findings of fact, conclusions of law, and a judgment sustaining the right to foreclose and denying the relief sought by the cross-complaint.

The facts are these:  The appellants, being the owners of a certain tract of land consisting of approximately nine acres, on June 25, 1912, made to the respondent a written application for a loan in the sum of $4,000.  The application for the loan of this sum was not accepted.  Further negotiations between the parties resulted in a loan of $3,500, and the giving of a mortgage upon the nine-acre tract of land as

[1]Reported in 162 Pac. 995.

security for its payment.  The mortgage contains a clause which was inserted just before its signing, at the suggestion of the appellant James E. Masters.  This clause provided that, on the payment of $600, any acre of land should be released by the mortgagee.  Upon one acre of land covered by the mortgage there were improvements consisting of a dwelling house and other buildings which had been erected during the year 1910 at a cost of $2,500.  The mortgage provided that the buildings on the premises should be insured against loss by fire, and that the insurance policy, or policies, should be made payable to the mortgagee as its interest might appear, and that the policy should be delivered to it.  In accordance with this provision in the mortgage, the insurance policy was delivered.  On the 28th day of August, 1914, the appellants tendered to the respondent the sum of $1,200, and demanded the release of two acres of land, upon one of which were the buildings covered by the insurance policy.  This demand was refused.  Subsequently, the appellants failed to make the interest payments called for by the note which the mortgage was given to secure, and the present action of foreclosure was begun.

The first question is whether, upon the tender of $1,200, the appellants had the right, under the mortgage, to have the two acres demanded by them released from the mortgage lien.  The respondent claims that the release clause was not intended to apply to the acre upon which the buildings stood, and which was occupied by the appellants as a homestead. The appellants claimed that, under the release clause in the mortgage, they had an absolute right to the release of any acre of land, upon the payment of $600.  The evidence shows that the purpose for which the release clause was inserted was to enable the appellants to make a sale of two acres of the land which, at the time the mortgage was executed, they had in prospect, and that the acre upon which the improvements stood was not one of those included in the contemplated

sale.   The appellants contend that this evidence was inadmissible in that it tended to vary the terms of the written contract.

In construing the mortgage, all of its provisions should be taken into consideration so far as they may aid in determining the meaning of any particular clause.   At the time the mortgage was executed, it obviously was not the intention of the parties that, upon the payment of $600, the mortgagee would release security to the extent of $2,100, the acre upon which the buildings stood representing $600, and the insurance policy the other $1,500.   This would be the effect if, upon payment of $600, the mortgagee were required to release the acre of land upon which the improvements stood. If, however, the mortgage does not, on its face, evidence this intention, it is at least sufficiently indefinite, when considering the insurance clause in connection with the release clause, to admit of oral testimony for the purpose of explaining the reason for inserting the latter clause.   The trial court found that the release clause was not intended by the parties to apply "to the acre on which were situate the improvements and homestead of the defendants, and which were covered by said insurance in the sum of fifteen hundred ($1,500) dollars as aforesaid."   This finding is amply sustained by the evidence.

The second question is whether the trial court erred in declining to reform the mortgage so as to exclude therefrom one acre as demanded by the cross-complaint.   Upon the acre which it is claimed was not properly included in the mortgage there had been erected what is referred to as a "beacon" pole.   In the original application, this acre was not included. As already stated, the respondent declined to make the loan requested by that application, but subsequently made the loan in the amount mentioned, covering the entire nine-acre tract, which included the acre upon which the beacon pole had been erected.   The trial court was of the opinion, after

hearing the evidence, that the claim that this acre had been improperly included in the mortgage had not been sustained, and with this view we are in accord.

The judgment will be affirmed.

ELLIS, C. J., MORRIS, CHADWICK, and MOUNT, JJ., concur.